J-A13033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
                                 :
           v.                     :
                                 :
                                 :
LEE EDWARD KEKOA FUCHIGAMI      :
                                 :
           Appellant         :      No. 1124 MDA 2022

Appeal from the Judgment of Sentence Entered July 14, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000603-2021

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:     **FILED: AUGUST 7, 2023**

      Lee Edward Kekoa Fuchigami appeals from the July 14, 2022 aggregate

judgment of sentence of 24 to 84 months' imprisonment imposed after a jury

found him guilty of driving under the influence of alcohol – highest rate of

alcohol ("DUI") and driving while operating privilege is suspended or revoked.[1]

After careful review, we affirm the judgment of sentence.

      The suppression court summarized the relevant facts of this case as

follows:

> 1.     Trooper Logan Howell is employed with the
> Pennsylvania State Police. Trooper Howell has
> been employed with the State Police for two
> years.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(c), 1543(a), and (b)(1.1)(i), respectively.

2.     Trooper Howell has undergone Driving Under the Influence (DUI) training at the Pennsylvania State Police Academy. Trooper Howell has been involved in approximately 50 DUI motor vehicle stops.

3.     On December 5, 2020, at approximately 1:28 AM, Trooper Howell came upon a vehicle traveling directly in front of him on Centennial Road, Conewago Township, Adams County.

4.     As the vehicle came upon a slight bend to the left in the roadway, Trooper Howell observed it drift toward the outside of the lane of travel, then drift back to the inside of the lane, crossing onto the yellow middle line. The vehicle then immediately drifted back to the outside of the lane, with the passenger-side tires of the vehicle crossing completely over the white fog line.

5.     Trooper Howell initiated a traffic stop and identified [Appellant] as the driver of the vehicle.

6.     Trooper Howell's testimony of the above-described driving behavior and subsequent traffic stop were recorded and corroborated by [Motor Vehicle Recording "(MVR")] dash-cam video.

Suppression court opinion, 8/31/21 at 1-2.

Upon stopping the vehicle, Trooper Howell indicated that he observed Appellant demonstrate multiple signs of intoxication, including blood shot and glassy eyes and the strong odor of alcohol emanating from the vehicle and his person. Following the administration of field sobriety tests, Appellant underwent a BAC test which revealed that his blood alcohol content was .19%

at 2:23 am. **See** Criminal Complaint – Affidavit of Probable Cause, 1/5/21 at 1. Appellant was subsequently arrested and charged with DUI and related offenses.

On June 23, 2021, Appellant filed an **omnibus** pretrial suppression motion challenging, **inter alia**, the legality of the traffic stop. **See** "Omnibus Pre-Trial Motion," 6/23/21 at ¶¶ 13-33. On August 19, 2021, the suppression court conducted a hearing on Appellant's suppression motion, at which time Trooper Howell testified. Notes of testimony, 8/19/21 at 4-10. Following the hearing, the suppression court denied Appellant's suppression motion on August 31, 2021. Thereafter, Appellant proceeded to a jury trial on February 3, 2022 and was found guilty of the aforementioned offenses. As noted, trial court sentenced Appellant to an aggregate term of 24 to 84 months' imprisonment on July 14, 2022. This timely appeal followed on August 3, 2022.

On August 5, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on August 17, 2022. On August 22, 2022, the trial court filed a statement in lieu of a Rule 1925(a) opinion, indicating that it was relying on the reasoning set forth in its prior August 31, 2021 opinion.

Appellant raises the following issues for our review:

> 1. Whether the [suppression] court judge applied the wrong quantum of cause requiring the

- 3 -

officer to have only reasonable suspicion, instead of probable cause, that [Appellant] was violating the Motor Vehicle Code?

2. Whether the Trooper lacked probable cause to stop Appellant's vehicle?

3. In the alternative, whether the Honorable [suppression] court lacked reasonable suspicion to stop [Appellant's] vehicle[?]

Appellant's brief at 5 (extraneous capitalization and headings omitted).

Our standard of review in addressing a challenge to a denial of a suppression motion is well settled.

> [Our] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Jones*, 121 A.3d 524, 526 (Pa.Super. 2015) (citation omitted; brackets in original), *appeal denied*, 135 A.3d 584 (Pa. 2016).

"Both the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution guarantee an individual's freedom from unreasonable searches and seizures." *Commonwealth v. Bostick*, 958 A.2d 543, 550 (Pa.Super. 2008) (citation and internal quotation

marks omitted), ***appeal denied***, 987 A.2d 158 (Pa. 2009). "To secure the right of citizens to be free from such intrusions, courts in Pennsylvania require law enforcement officers to demonstrate ascending levels of suspicion to justify their interactions with citizens to the extent those interactions compromise individual liberty." ***Commonwealth v. Reppert***, 814 A.2d 1196, 1201 (Pa.Super. 2002) (citation omitted).

This court has recognized three types of interactions between members of the public and the police:

> The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

***Commonwealth v. Way***, 238 A.3d 515, 518 (Pa.Super. 2020) (citation omitted). Thus, pursuant to the Fourth Amendment, a person may not be lawfully seized, either by means of an investigative detention or a custodial detention, unless the police possess the requisite level of suspicion.

The level of suspicion that a police officer must possess before initiating a traffic stop is codified in 75 Pa.C.S.A. § 6308(b), which provides as follows:

> **(b) Authority of police officer.--**Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a

> vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b).

This Court has recognized that,

> when considering whether reasonable suspicion or probable cause is required constitutionally to make a vehicle stop, the nature of the violation has to be considered. If it is not necessary to stop the vehicle to establish that a violation of the Vehicle Code has occurred, an officer must possess probable cause to stop the vehicle. Where a violation is suspected, but a stop is necessary to further investigate whether a violation has occurred, an officer need only possess reasonable suspicion to make the stop.

***Commonwealth v. Smith***, 177 A.3d 915, 919 (Pa.Super. 2017) (citation omitted).

Thus, "mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation." ***Commonwealth v. Feczko***, 10 A.3d 1285, 1291 (Pa.Super. 2010) (***en banc***) (citation omitted), ***appeal denied***, 25 A.3d 327 (Pa. 2011). Rather, police officers are required to possess probable cause to stop a vehicle based on observed violation of the Motor Vehicle Code ("MVC") or otherwise non-investigable offense. ***Id.***

"Pennsylvania law makes clear that a police officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if

it is a minor offense." ***Commonwealth v. Harris***, 176 A.3d 1009, 1019

(Pa.Super. 2017) (citation omitted).

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a prima facie showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

***Commonwealth v. Thompson***, 985 A.2d 928, 931 (Pa. 2009) (internal

quotation marks and citations omitted).

Instantly, our review of the record in this matter establishes that

Trooper Howell possessed the requisite probable cause to stop Appellant's

vehicle for violations of the MVC, namely 75 Pa.C.S.A. §§ 3301(a) and

3309(1).

Section 3301, **Driving on right side of roadway**, provides, in relevant

part, as follows:

> **(a) General rule. --** Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows:
>
> (1)    When overtaking and passing another vehicle proceeding in the same direction where permitted by the rules governing such movement.
>
> (2)    When an obstruction exists making it necessary to drive to the left of the center of the roadway,

provided the driver yields the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the roadway within such distance as to constitute a hazard.

    (3)    When and where official traffic-control devices are in place designating a lane or lanes to the left side of the center of the roadway for the movement indicated by the devices.

    (4)    Upon a roadway restricted to one-way traffic.

    (5)    When making a left turn as provided in sections 3322 (relating to vehicle turning left) and 3331 (relating to required position and method of turning).

    (6)    In accordance with section 3303(a)(3) (relating to overtaking vehicle on the left).

75 Pa.C.S.A. § 3301(a).

Section 3309, **Driving on roadways laned for traffic**, provides, in relevant part, as follows:

Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others not inconsistent therewith shall apply:

**(1)**    **Driving within single lane. --** A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

75 Pa.C.S.A. § 3309(1).

Instantly, Trooper Howell testified that in the early morning hours of December 5, 2020, he was on patrol on Centennial Road in Conewago Township, Adams County, Pennsylvania when he observed "[t]he poor driving

of [Appellant's] vehicle on the roadway." Notes of testimony, 8/19/21 at 5. Specifically, Trooper Howell testified that he was following Appellant's vehicle from behind when observed it drift to the outside of his lane toward the white fog line as he entered a slight left bend in the roadway. *Id.* at 7. Trooper Howell then observed Appellant's vehicle drift back toward the center of the roadway and onto the double-yellow line, before drifting back to the shoulder of the road, with the passenger-side tires of the vehicle completely crossing over the white fog line. *Id.* at 7-8. At this point, Trooper Howell activated his lights and sirens to conduct a traffic stop based upon these traffic violations. *Id.* at 9-10.

Trooper Howell further testified that he has undergone DUI training during his two-year employment with the Pennsylvania State Police and has participated in approximately 50 DUI-related traffic stops. *Id.* at 4-5. The suppression court found that the MVR footage from Trooper Howell's patrol vehicle that was submitted into evidence corroborates his testimony. *Id.* at 6; *see also* suppression court opinion, 8/31/21 at 4.

Based on the foregoing, we conclude that Trooper Howell possessed the requisite probable cause to stop Appellant's vehicle for a violation of Sections 3301(a) and 3309(1). Accordingly, we discern no error on the part of the suppression court in denying Appellant's suppression motion and affirm his July 14, 2022 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2023